Calvin Eugene BRYANT

v.

STATE of Tennessee

Supreme Court of Tennessee,
AT NASHVILLE.

May 29, 2014 Session [1]

Filed March 13, 2015

1. We heard oral argument on this case on May 29, 2014, at the American Legion Auxiliary Volunteer Girls State held at Lipscomb University in Nashville, Tennessee, as a part of the Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

James O. Martin, III., Nashville, Tennessee, for the appellant, Calvin Eugene Bryant, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Acting Solicitor General; Benjamin Ball, Leslie E. Price, Jeffrey D. Zentner, Assistant Attorneys General; Victor S. "Torry" Johnson, III, District Attorney General; and Rachel M. Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Sharon G. Lee, C.J., delivered the opinion of the Court, in which William C. Koch, Jr., J., joined. Cornelia A. Clark, J., filed a separate opinion, concurring as to sections I., II., and III. and dissenting as to section IV. Gary R. Wade, J., filed a separate opinion, concurring in part and dissenting in part as to sections I., II., and IV. and dissenting as to section III., in which Janice M. Holder, J., joined.

In this post-conviction appeal, we address two issues: 1) whether trial counsel provided ineffective representation by failing to request a jury instruction on facilitation as a lesser-included offense; and 2) whether a trial counsel's failure to request a jury instruction on a lesser-included offense is never prejudicial to a defendant convicted of a greater offense. The defendant was charged with selling illegal drugs to a police informant. The defendant's trial counsel argued that he was entrapped by the informant. A jury instruction on facilitation as a lesser-included offense was neither requested by the defendant's trial counsel nor given by the trial court. The defendant was convicted of selling illegal drugs. The Court of Criminal Appeals affirmed his convictions. The defendant filed a petition for post-conviction relief, alleging that his trial counsel provided ineffective representation by not requesting a jury instruction on facilitation of the sale of a controlled substance. The post-conviction court denied relief. The Court of Criminal Appeals affirmed, holding that 1) trial counsel was not deficient in failing to request a jury instruction on facilitation; and 2) when convicted of a greater charge, a defendant can never show that the absence of a jury instruction on a lesser-included offense was prejudicial to the defendant. We hold that the evidence in this case failed to warrant a jury instruction on facilitation. Accordingly, trial counsel's failure to request a facilitation instruction was not deficient performance. Further, we hold that under certain facts and circumstances, a trial counsel's failure to request a jury instruction on a lesser-included offense can be prejudicial to a defendant and entitle him or her to post-conviction relief based on ineffective assistance of counsel. Our decision in *State v. Davis*, 266 S.W.3d 896, 910 (Tenn.2008), approving sequential jury instructions, does not obviate an attorney's responsibility to request lesser-included offense instructions when warranted by the proof. We affirm the judgment of the Court of Criminal Appeals, as modified.

## I.

In March and April of 2008, Calvin Eugene Bryant, Jr. ("Defendant") sold a Schedule I controlled substance, methylenedioxymethamphetamine (commonly known as "Ecstasy"), to his friend, Terrance Knowles. At the time of the transactions, Defendant was unaware that his friend was working as an informant for the Metropolitan Nashville Police Department.

Police monitored and recorded the transactions. Defendant was arrested and charged with five counts for the sale and delivery of a Schedule I controlled substance within 1,000 feet of a school.[2]

The evidence at trial consisted primarily of testimony from Mr. Knowles and Detective William Loucks of the Specialized Investigations Division of the Metropolitan Nashville Police Department. Detective Loucks testified that he knew Mr. Knowles because he had previously arrested him for a driving violation. After that arrest, Mr. Knowles agreed to act as an informant in a drug investigation that, at least in part, targeted Defendant in a plan to "take out several well-known drug sellers within the area."

Mr. Knowles testified that on March 3, 2008, he telephoned Defendant and asked to buy twenty Ecstasy pills. Defendant quoted Mr. Knowles a price of $140 and said to call back the next morning. On the morning of March 4, 2008, Detective Loucks met with Mr. Knowles, wired him with an audio-recording device, and gave him $140. Detective Loucks and other detectives followed Mr. Knowles to Defendant's house in the Edgehill community of Nashville. They videotaped him entering the house and monitored the sale via the wire Mr. Knowles was wearing. During the sale, Defendant asked how many pills Mr. Knowles wanted, retrieved a bag of pills from a bedroom closet, and gave Mr. Knowles twenty pills. Mr. Knowles paid Defendant $140 and asked him the price for one hundred pills. Defendant told Mr. Knowles it would be $650. Mr. Knowles then left and met with Detective Loucks, who took the pills and sent them for testing. Tests confirmed that the pills were a mixture of Schedule I and Schedule II controlled substances.

On March 21, 2008, Mr. Knowles called Defendant and told him he needed one hundred pills. The men agreed on a time that same day for Mr. Knowles to come by Defendant's house. Before the transaction, Mr. Knowles once again met with Detective Loucks, who wired him for audio surveillance and gave him cash for the pills. Detectives maintained both audio and video surveillance of the transaction. After Mr. Knowles and Defendant reached the agreed-upon location near Defendant's house, they waited twenty-five to thirty minutes until a white Ford Expedition arrived. Mr. Knowles then paid Defendant. Defendant walked to the passenger side of the vehicle and returned with one hundred pills, which he handed to Mr. Knowles.[3] Mr. Knowles left and gave the pills to Detective Loucks. Testing confirmed that some of the pills again contained a mixture of Schedule I and Schedule II controlled substances.

---

**2.** Tennessee Code Annotated section 39–17–417 (2008) provides in pertinent part:
 (a) It is an offense for a defendant to knowingly . . .
 (2) Deliver a controlled substance;
 (3) Sell a controlled substance[.]
 (b) A violation of subsection (a) . . . is a Class B felony and, in addition, may be fined not more than one hundred thousand dollars ($100,000).
Tennessee Code Annotated section 39–17–432 (2008) provides in pertinent part:
 (b)(1) A violation of § 39–17–417 . . . that occurs on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school, middle school, secondary school . . . or public library, recreational center or park shall be punished one (1) classification higher than is provided in § 39–17–417(b)–(i) for such violation.

**3.** Audio surveillance transcripts indicate that Mr. Knowles gave $660 to Defendant for the pills and that Defendant gave him $10 change, since the pills cost $650.

On April 23, 2008, Mr. Knowles called Defendant and told him he wanted two hundred pills. Defendant said he would "work on it" and that the price would be $1,200. Mr. Knowles called Defendant later in the day, and Defendant told him that "the dude [with the drugs] was on his way." Detective Loucks wired Mr. Knowles with audio surveillance equipment and gave him $1,200 to pay for the drugs. Mr. Knowles met Defendant by a basketball court near Defendant's house. Detective Loucks could hear and see the transaction as it occurred. After about an hour, a Jeep Cherokee arrived. Mr. Knowles counted the money and gave it to Defendant, who took the money to the vehicle and returned with two bags of pills. Defendant gave the bags of pills to Mr. Knowles, who then left and delivered the pills to Detective Loucks. Testing revealed that some pills contained a mixture of Schedule I and Schedule II controlled substances. All of these transactions occurred within 1,000 feet of a school. Detective Loucks testified that when he arrested Defendant, Defendant admitted to selling between thirty and forty pills in the preceding six days, but was not willing to reveal his source for the pills.

Joy Kimbrough, Don Himmelberg, and John Higgins (collectively "trial counsel") represented Defendant at trial. Trial counsel argued that Mr. Knowles entrapped Defendant, a well-regarded member of the community.[4] Trial counsel made an alternative argument that, should the jury not find entrapment, it should nonetheless find that the facts supported only simple possession and casual exchange, both Class A misdemeanor offenses. Defendant presented character testimony from high school teachers who described him as loving, generous, intelligent, and athletic. The witnesses characterized him as a model citizen, a leader, and the type of person who would do anything for a friend. Their testimony indicated that it was out of character for Defendant to sell drugs.

Defendant testified that he grew up with Mr. Knowles, who was seven or eight years older. Defendant stated that, although he had not previously sold drugs to anyone, Mr. Knowles approached him about two weeks before their first transaction, on March 4, and asked whether Defendant knew anyone who had Ecstasy pills because he had an interested buyer. Defendant told Mr. Knowles he did not know of a drug source and did not want to get involved with any transaction. Mr. Knowles was persistent, however, and called Defendant on a day-to-day basis, telling him he needed to make a drug deal to feed his family. At trial, Defendant admitted that he gave in and helped Mr. Knowles. Defendant did not testify that he was merely a middle-man for someone else, but instead testified to performing all of the activities of a drug dealer.

On cross-examination, Defendant admitted that he never told police he was just doing a favor for a friend. Defendant explained that during the first transaction, when Mr. Knowles asked the price for one hundred pills, he quickly responded with a price of $650 because the price for Ecstasy was common knowledge in his neighborhood. Defendant conceded that, during the second transaction, he had commented on the different names for the variously colored Ecstasy pills and warned Mr. Knowles to be careful of the "brown bulls"

**4.** Tennessee Code Annotated, section 39–11–505 (2014) provides in pertinent part:
It is a defense to prosecution that law enforcement officials, acting either directly or through an agent, induced or persuaded an otherwise unwilling person to commit an unlawful act when the person was not predisposed to do so.

because "people could pass out on them[.]" However, Defendant explained that he was simply passing on the information his supplier had given him.

At the conclusion of the proof, the trial court and counsel discussed the jury charge. During this discussion, the State inquired whether the trial court intended to instruct the jury on facilitation as a lesser-included offense, indicating that it was opposed to a facilitation instruction. The trial court responded, "No, I didn't have it in there." Trial counsel neither responded to this exchange nor requested a facilitation instruction. During closing arguments, trial counsel argued that Defendant lacked any prior disposition to sell drugs and that Mr. Knowles improperly entrapped Defendant into making the sales. Trial counsel argued in the alternative that, even if the jury did not believe Defendant was entrapped, he was guilty, at most, of only simple possession or casual exchange.[5]

At the conclusion of closing arguments, the trial court instructed the jury on the charged offenses and on the lesser-included offenses of sale of a Schedule I drug and simple possession (not within 1,000 feet of a school) or casual exchange of a Schedule I drug. The trial court further instructed the jury that if it found Defendant guilty of a charged offense, it should stop its deliberations and not consider any of the corresponding lesser-included offenses. The jury was instructed only to consider the lesser-included offenses if it

found Defendant not guilty of the charged offense or had a reasonable doubt as to Defendant's guilt.

The jury acquitted Defendant of the March 4, 2008 offense, but found him guilty of the March 21, 2008 and April 23, 2008 offenses for sale and delivery of a Schedule I controlled substance within 1,000 feet of a school. The trial court later merged the delivery and sale convictions into two convictions for sale of a Schedule I controlled substance within 1,000 feet of a school.

In the motion for a new trial, trial counsel did not designate as error the trial court's failure to give a facilitation instruction. On appeal, Defendant raised as plain error the trial court's failure to instruct the jury on the lesser-included offense of facilitation. Declining to find plain error, the Court of Criminal Appeals held that it was not clear that trial counsel did not waive the facilitation instruction for tactical reasons. *State v. Bryant*, No. M2009–01718–CCA–R3–CD, 2010 WL 4324287, at *20 (Tenn.Crim.App. Nov. 1, 2010), *perm. app. denied* (Tenn. Apr. 13, 2011).

Defendant subsequently sought post-conviction relief, asserting that trial counsel was ineffective by failing to request an instruction on facilitation as a lesser-included offense. This failure, Defendant alleged, was due to oversight, not any formulated trial strategy. At the post-conviction hearing, Ms. Kimbrough testified that she did not recall the discussion at trial about the facilitation instruction and did

---

5. The sale of a Schedule I drug is a Class B felony, Tenn.Code Ann. § 39–17–417(b), and the sale of a Schedule I drug in a school zone is a Class A felony, Tenn.Code Ann. § 39–17–432(b)(1). The facilitation of the sale of Schedule I drugs in a school zone is a Class B felony. Tenn.Code Ann. § 39–11–403(b) (2008). The penalty for a Class B felony is eight to thirty years. Tenn.Code Ann. § 40–35–111(b)(2) (2008). A defendant convicted

of a Class B felony occurring in a school zone is subject to a fine of up to $60,000. Tenn. Code Ann. § 39–17–432(b)(2)(D). However, simple possession and casual exchange are Class A misdemeanors, Tenn.Code Ann. § 39–17–418(c)(1) (2014), with a penalty of eleven months, twenty-nine days, or a fine not to exceed $2,500, or both. Tenn.Code Ann. § 40–35–111(e)(1).

not know why she failed to request it. At the time of the trial, she had been primarily practicing criminal law for approximately three years. She speculated that she was too inexperienced and unfamiliar with the law governing facilitation to request the instruction. She denied that she had decided not to request facilitation as part of any deliberate trial strategy and did not recall if she had researched facilitation to prepare for trial.

The post-conviction court denied Defendant relief, finding that he failed to prove by clear and convincing evidence that trial counsel's performance was deficient or that Defendant was prejudiced by any deficiency. The Court of Criminal Appeals affirmed, holding that trial counsel's failure to request an instruction on facilitation was a strategic decision; the theory of facilitation was inconsistent with the defense theory of entrapment; and the evidence at trial did not support a facilitation instruction. *Bryant v. State*, No. M2012–01560–CCA–R3–PC, 2013 WL 4401166, at *20–21 (Tenn.Crim.App. Aug. 16, 2013). The intermediate appellate court further noted that a defendant's conviction of the greater charge is "irrefutable proof that a trial court's failure to instruct on a lesser-included offense was harmless error." *Id.* at *22. The Court of Criminal Appeals determined that a trial court's failure to charge a lesser-included offense could never constitute reversible error if the defendant has been found guilty of a greater offense. *Id.* The intermediate appellate court also stated that, by the same logic, a post-conviction petitioner could never establish prejudice from trial counsel's failure to request a lesser-included offense when the petitioner had been convicted of a greater offense. *Id.* We granted Defendant's application for permission to appeal to consider 1) whether trial counsel provided ineffective representation by failing to request a jury instruction on facilitation as

a lesser-included offense; and 2) whether a trial counsel's failure to request a jury instruction on a lesser-included offense is never prejudicial to a defendant convicted of a greater offense.

## II.

### A.

The Post–Conviction Procedure Act, Tennessee .Code Annotated sections 40–30–101 to · –122, provides that relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn.Code Ann. § 40–30–103 (2012). A defendant seeking post-conviction relief must prove by clear and convincing evidence the deprivation of a constitutional right. *Id.*; *see also Calvert v. State*, 342 S.W.3d 477, 485 (Tenn.2011) (citing *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn.2009)). A claim of ineffective assistance of counsel is a mixed question of law and fact. *Mobley v. State*, 397 S.W.3d 70, 80 (Tenn.2013) (citing *Calvert*, 342 S.W.3d at 485). The factual findings of a post-conviction court are conclusive on appeal unless the record preponderates against them. Tenn. R.App. P. 13(d); *Mobley*, 397 S.W.3d at 80 (citing *Dellinger v. State*, 279 S.W.3d 282, 294 (Tenn.2009); *Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn.2006)). However, appellate review of a post-conviction court's conclusions of law is *de novo* with no presumption of correctness. *Mobley*, 397 S.W.3d at 80; *Smith v. State*, 357 S.W.3d 322, 336 (Tenn.2011); *Calvert*, 342 S.W.3d at 485.

### B.

Both the United States and Tennessee Constitutions provide for the assistance of counsel to criminal defendants.

U.S. Const. amend. VI; Tenn. Const. art. I, § 9. These constitutional provisions guarantee not only the assistance of counsel, but also the *reasonably effective* assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Baxter v. Rose*, 523 S.W.2d 930, 934–36 (Tenn.1975). Counsel's representation is constitutionally ineffective when it "so undermine[s] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052.

■■■ To prevail on a claim of ineffective assistance of counsel, a defendant must establish that 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. 2052; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn.1996). A court need not address both requirements if the defendant's proof fails to support either prong. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Goad*, 938 S.W.2d at 370.

■■■ Establishing deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Mobley*, 397 S.W.3d at 80. "Effective" counsel means the provision of advice or services "within the range of competence demanded of attorneys in criminal cases." *Baxter*, 523 S.W.2d at 936; *see also Strickland*, 466 U.S. at 687, 104 S.Ct. 2052 (The "proper standard for attorney performance is that of reasonably effective assistance."). The reasonableness standard is objective, measured by the professional norms prevailing at the time of the representation. *Strickland*, 466 U.S. at 678–88, 104 S.Ct. 2052; *Dean v. State*, 59 S.W.3d 663, 667 (Tenn.2001); *see also State v. Burns*, 6 S.W.3d 453, 462 (Tenn.1999).

■■■ Proof of prejudice sufficient to establish constitutionally ineffective counsel is met by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052; *Goad*, 938 S.W.2d at 370. When examining a conviction, "the question is whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695, 104 S.Ct. 2052. A reasonable probability of being found guilty of a lesser charge also satisfies the prejudice prong of *Strickland*. *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn.2008).

■■■ Appellate courts must not evaluate trial counsel's performance using "20–20 hindsight." *Mobley*, 397 S.W.3d at 80 (citing *Felts v. State*, 354 S.W.3d 266, 277 (Tenn.2011)). Instead, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *accord Goad*, 938 S.W.2d at 369. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052; *see also Burns*, 6 S.W.3d at 462. The defendant must prove that trial counsel's performance was deficient. *Burt v. Titlow*, —— U.S. ——, 134 S.Ct. 10, 17, 187 L.Ed.2d 348 (2013) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052); *see also Burns*, 6 S.W.3d at 462 ("[A] reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance." (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052)). This deference extends to trial counsel's strategic decisions made after due investigation. *Strickland,* 466 U.S. at 690–91, 104 S.Ct. 2052. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691, 104 S.Ct. 2052. Therefore, the failure of a particular strategy or tactical decision, by itself, does not establish deficiency. *Goad,* 938 S.W.2d at 370.

With these principles in mind, we have carefully reviewed the evidence in this case and hold that Defendant failed to prove by clear and convincing evidence that trial counsel was deficient for failing to request a jury instruction on facilitation as a lesser-included offense. We further hold that the Court of Criminal Appeals erred in holding that a trial counsel's failure to request a jury instruction on a lesser-included offense is never prejudicial to a defendant found guilty of a greater offense.

## III.

Both the United States and the Tennessee Constitutions guarantee a right to trial by jury. U.S. Const. amend. VI; Tenn. Const. art. I, 6. This includes the "right to a complete and correct charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." *State v. Dorantes,* 331 S.W.3d 370, 390 (Tenn.2011) (citing *State v. Faulkner,* 154 S.W.3d 48, 58 (Tenn.2005); *State v. Farner,* 66 S.W.3d 188, 204 (Tenn.2001); *State v. Garrison,* 40 S.W.3d 426, 432 (Tenn.2000)). This Court has consistently held that the constitutional right to trial by jury is violated "when the jury is not permitted to consider *all* offenses *supported by the evidence.*" *State*

*v. Ely,* 48 S.W.3d 710, 727 (Tenn.2001) (emphasis added). Moreover, this Court has stressed the dangers inherent in failing to provide a jury with the option of convicting of a lesser-included offense where the prosecution has established criminal conduct beyond a reasonable doubt: "Such a scenario forces a jury into an 'all or nothing' decision that, unfortunately, is likely to be resolved against the defendant, who is clearly guilty of 'something.'" *Burns,* 6 S.W.3d at 466.

"This does not mean, however, that an instruction must be given simply because an offense is a lesser-included offense of another." *State v. Dellinger,* 79 S.W.3d 458, 496 (Tenn.2002) (citing *State v. Fowler,* 23 S.W.3d 285, 288 (Tenn.2000)). A trial court must instruct a jury as to all lesser-included offenses that are requested by a party in writing, if the trial court determines that 1) the record contains any evidence that reasonable minds could accept as to the existence of the lesser-included offense; and 2) the conviction for the lesser-included offense is supported by legally sufficient evidence. Tenn.Code Ann. § 40–18–110(a) (2012); *see also Burns,* 6 S.W.3d at 469. However, when no written request is made by a party for an instruction on a lesser-included offense, as in this case, the trial court may charge the lesser-included offense, but a party is not entitled to such an instruction. *State v. Fayne,* 451 S.W.3d 362, 370–71 (Tenn. 2014) (citing Tenn.Code Ann. § 40–18–110 (2012)).

A trial court, acting upon a party's request, properly gives an instruction on lesser-included offenses when it views the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgment on the credibility of the evidence. Tenn.Code Ann. 40–18–110(a). Inversely, when this

test is not satisfied, no lesser-included offense instruction is required.

■■■ When lesser-included offenses are included in the charge, a judge must instruct the jury on how and in what order it should consider the offenses. *See Davis,* 266 S.W.3d at 905; *Harris v. State,* 947 S.W.2d 156, 175 (Tenn.Crim.App.1996) (stating this Court "has repeatedy upheld the giving of so-called 'acquittal first' instructions"). In Tennessee, "a jury [must] first reach a unanimous verdict of acquittal with respect to a greater offense before it proceeds to consider a defendant's guilt of a lesser-included offense." *Davis,* 266 S.W.3d at 905.

■■■ When analyzing whether a lesser-included offense instruction should have been given by the trial court, a reviewing court must "conduct a thorough examination of the record, including the evidence presented at trial, the defendant's theory of defense, and the verdict returned by the jury." *State v. Allen,* 69 S.W.3d 181, 191 (Tenn.2002). Reviewing courts must be mindful that failure to instruct on a valid lesser-included offense is not excused simply because the evidence is sufficient to support a conviction for a greater offense, and "[a] defendant need not demonstrate a basis for acquittal on a greater offense to be entitled to an instruction on the lesser offense." *Id.* at 187.

■■■ At the post-conviction stage, when the proof, established by clear and convincing evidence, supports the existence of a lesser-included offense under the statutory two-part test,[6] trial counsel's failure to request an instruction on a lesser-included offense can constitute deficient perform-

ance. *See Wiley v. State,* 183 S.W.3d 317, 330–31 (Tenn.2006) (citing *Burns,* 6 S.W.3d at 469) (finding counsel's failure to request an instruction on second-degree murder as a lesser-included offense of felony murder was deficient performance); *cf. State v. Locke,* 90 S.W.3d 663, 675 (Tenn.2002) (applying the two-part test and finding the failure to instruct the jury on some lesser-included offenses to be error, albeit harmless error); *State v. Richmond,* 90 S.W.3d 648, 662–63 (Tenn.2002) (same).

■■■ Facilitation is a lesser-included offense of the crimes of sale and delivery of a controlled substance. *See, e.g., State v. Travis,* No. W1999–01089–CCA–R3–CO, 2000 WL 279892, at *5–6 (Tenn.Crim.App. Oct. 14, 2002) (holding that facilitation is a lesser-included offense of sale of a Schedule II controlled substance). A defendant is guilty of facilitation of a felony if "knowing that another intends to commit a specific felony . . . the person knowingly furnishes substantial assistance in the commission of the felony." Tenn.Code Ann. § 39–11–403(a) (2008).

In this case, trial counsel's failure to request the lesser-included offense instruction would not have constituted deficient performance if the evidence had not supported a facilitation charge. *See, e.g., Dellinger,* 79 S.W.3d at 496 (finding that a trial court had not erred when it failed to instruct the jury on facilitation as a lesser-included offense of murder when no evidence was presented at trial to support facilitation and the defense's theory of the case was that the defendants did not participate in the murder). The post-conviction court found that Defendant presented no evidence of facilitation and determined

---

**6.** Under Tennessee Code Annotated section 40–18–110(a), the test for determining whether a trial court should give a lesser-included offense instruction is: 1) whether the record contains any evidence that reasonable minds could accept as to the existence of the lesser-included offense, and 2) whether the conviction for the lesser-included offense is supported by legally sufficient evidence. *See also Burns,* 6 S.W.3d at 469.

that the instruction was not warranted by the facts in evidence. We agree and hold that, given the evidence presented at trial, reasonable minds could not have accepted the existence of facilitation, and a conviction for facilitation would not have been supported by legally sufficient evidence. *See* Tenn.Code Ann. 40–18–110(a).

There is no evidence in the record from which a reasonable jury could conclude that Defendant merely facilitated the drug sales. The State's theory of the case, which was supported by the weight of the evidence, was that Defendant sold drugs to Mr. Knowles. Trial counsel's theory was that Defendant was entrapped by the State, through Mr. Knowles, into selling the drugs. The bulk of trial counsel's proof was that Defendant would not have sold Mr. Knowles the drugs had Mr. Knowles not approached him. Thus, trial counsel set up an all-or-nothing scenario in which Defendant either sold the drugs willingly or was entrapped. The uncontroverted evidence shows that Defendant set the price for the drugs, acquired the drugs, accepted payment for the drugs, and delivered the drugs to Mr. Knowles. The evidence supports the post-conviction court's finding that Defendant did not merely furnish substantial assistance in the drug sale, but instead, was the seller of the drugs.[7] Accordingly, because there was no evidentiary basis to support a facilitation conviction, trial counsel's failure to request the instruction was not deficient performance.

■ Defendant also argues that trial counsel's decision not to request a jury instruction on facilitation was not a strategic choice. He contends that trial counsel merely overlooked that option, thus rendering deficient performance. Defendant points to Ms. Kimbrough's testimony at the post-conviction trial, stating that she simply failed to request the facilitation instruction and that it was not a strategic decision. However, Ms. Kimbrough's actions at trial contradict her statements, and the post-conviction court did not make any explicit findings as to her credibility. Contrary to the dissent's characterization, the post-conviction court neither accredited nor discredited trial counsel's testimony. The trial court had an independent basis for finding no deficient performance.

During the trial, trial counsel presented only three witnesses: Defendant, his high school coach, and another teacher who had known Defendant, but had never taught him. The teachers' testimony humanized Defendant for the jury, but they could not, and were not asked to, refute the specific allegations against Defendant. Their testimony only bolstered trial counsel's argument that Defendant was an ex-football

---

7. The dissent makes much of the fact that the jury could have construed Defendant's testimony in such a way as to support a facilitation charge, suggesting that Defendant merely served as a disinterested middle-man for the drug transactions between Mr. Knowles and a third party. However, this theory would have required the jury to ignore Defendant's testimony about the drug deals. The evidence presented at trial supports the conclusion that Defendant actively sold drugs—not that he merely facilitated the drug sales for another person. While no evidence was presented that Defendant actually benefitted from the transactions, neither did Defendant testify that he did not benefit in some fashion. Furthermore, the simple fact that an unidentified third party was involved at some level is unpersuasive. In nearly every case involving a drug sale, the seller has to obtain the illegal drugs from some source. We are not willing to hold that a jury instruction on facilitation is required in *every* case involving the sale of drugs if the seller was not also the manufacturer of the drugs. The issue is Defendant's intent, and the evidence presented at trial supports that Defendant, regardless of the involvement of a third person, actively engaged in the sale of drugs.

star and community leader entrapped into selling drugs by Mr. Knowles. Defendant's testimony explained his involvement with the drug sales, but he never testified he was a middle-man for the sale, only that he was entrapped.

■ Given these facts, we believe that trial counsel made a conscious and strategic choice as to the direction of the defense, preferring to have the jury acquit under a theory of entrapment. Trial counsel's strategy was not successful, but that fact does not render trial counsel's performance deficient. Trial counsel portrayed Defendant as an upstanding citizen, and had trial counsel argued that Defendant was merely assisting the drug supplier, the strategy and theory of the case would have been undermined. Trial counsel's argument exhibited a strategic decision to focus on either outright acquittal or conviction of misdemeanor offenses, as opposed to the serious felony charges Defendant was also facing. While a lesser-included offense instruction could have been requested by trial counsel, regardless of her strategy, the record supports the conclusion that she made a strategic choice not to make this request.[8]

Thus, we agree with the Court of Criminal Appeals' determination that a facilitation instruction would have been incompatible with trial counsel's strategy, and the failure to request such an instruction was not an oversight. At the post-conviction hearing, trial counsel exercised the type of "20–20 hindsight" that appellate courts must avoid when evaluating trial counsel's performance. *See Mobley,* 397 S.W.3d at 80 (citing *Felts,* 354 S.W.3d at

277). That trial counsel now, with the benefit of time and reflection, believes that requesting a facilitation instruction would have been advantageous is not persuasive. Accordingly, Defendant has failed to prove by clear and convincing evidence that trial counsel's failure to request the lesser-included offense instruction of facilitation was deficient performance.

## IV.

Because the Court of Criminal Appeals concluded that trial counsel's performance was not deficient, the court did not need to consider whether trial counsel's performance was prejudicial to Defendant. However, the Court of Criminal Appeals proceeded with a prejudice analysis and determined that, when a defendant is convicted of a greater offense, the failure to give a jury charge on a lesser-included offense could never be reversible error and that trial counsel's failure to request a lesser-included offense was, therefore, not prejudicial. The Court of Criminal Appeals reasoned that our holding in *Davis,* 266 S.W.3d at 898, precludes a jury's consideration of any lesser-included offense when the jury has convicted a defendant of a greater charge. *Bryant,* 2013 WL 4401166, at *22.

■ Under *Davis,* the trial court instructs the jury to consider the greatest charged offense before considering any lesser-included offenses. 266 S.W.3d at 898. This approach serves important policy interests such as satisfying the requirement that the jury render its verdicts unanimously; facilitating a trial court's

---

8. During closing argument, trial counsel compared Defendant to someone receiving a UPS shipment on someone else's behalf and characterized Defendant as the "middle-man." Putting aside the incomplete nature of this last-minute argument, we note that a closing argument is not evidence and must be "based upon the evidence introduced at trial[.]" *State v. Goltz,* 111 S.W.3d 1, 5 (Tenn.Crim. App.2003). Thus, a jury could not have properly considered this argument as evidence to support facilitation, even had the instruction been requested.

duty to "structure the jurors' deliberations" so they may address charged and lesser-included offenses, *id.* at 907; encouraging thorough jury deliberation; and reducing the "risk of a compromise verdict," *id.*

 Since *Davis*, this Court has reaffirmed the importance of including lesser-included offenses in jury instructions when warranted by the evidence. *See State v. Brown*, 311 S.W.3d 422, 430–34 (Tenn. 2010) (holding that the trial court erred in failing to charge the lesser-included offenses of second degree murder, reckless homicide, and criminally negligent homicide, although the jury convicted the defendant of felony murder in the perpetration of aggravated child abuse). Thus, lesser-included offenses are necessary to a complete jury charge.

There appears to be disagreement among some members of the Court of Criminal Appeals on the effect of a trial judge's failure to give lesser-included offense instructions or a trial counsel's failure to request such an instruction when a defendant has been convicted of a greater offense.[9] Two panels of the Court of Criminal Appeals have followed the "strict" approach, holding that a defendant can never show prejudice stemming from the failure to charge a lesser-included offense when the defendant has been found guilty of a greater offense. *See Bryant*, 2013 WL 4401166, at *22; *Payne v. State*, No. W2011–01080–CCA–R3–PC, 2013 WL 501781, at *4 (Tenn.Crim.App. Feb. 8, 2013) (citing *Davis*, 266 S.W.3d at 910 (holding that the defendant had not shown prejudice stemming from trial counsel's failure to request a jury instruction on theft as a lesser-included offense of aggravated robbery when the defendant was

found guilty of robbery)). Another panel, in *State v. Shelbourne*, held that a reviewing court should look to the facts and circumstances of each case to determine whether the failure to charge a lesser-included offense could constitute reversible error. No. W2011–02372–CCA–R3–CD, 2012 WL 6726520, at *5 (Tenn.Crim.App. Dec. 26, 2012). The concurring opinion in *Shelbourne*, however, advocated the "strict" approach. *Id.* at *11–12 (Woodall, J., concurring).

 We reject the "strict" approach, as it misconstrues our holding in *Davis*. A jury, having heard the complete jury instructions, inevitably considers, "albeit not explicitly, all applicable lesser-included offenses supported by the proof." *Davis*, 266 S.W.3d at 904. Sequential jury instructions do not obviate the need for jury instructions on lesser-included offenses. To hold otherwise would undermine the constitutional mandate for a "correct and complete charge of the law[,] [which] includes the right to jury instructions on each and every lesser-included offense embraced within the charged offense(s) and supported by the proof." *Davis*, 266 S.W.3d at 902; *Ely*, 48 S.W.3d at 727. At the post-conviction phase, when the proof supports a finding of a lesser-included offense and a reasonable probability exists that a reasonable juror could have convicted the defendant of the lesser-included offense had it received such an instruction, then trial counsel's failure to request such a lesser-included offense may amount to constitutionally ineffective assistance. *See Wiley*, 183 S.W.3d at 330–31. There may be some cases where a trial counsel's failure to request a jury instruction on a lesser-included offense consti-

---

9. We granted Defendant's Rule 11 application for permission to appeal to secure uniformity of decision. Tenn. R.App. P. 11; *see also*

*Fletcher v. State*, 951 S.W.2d 378, 382 (Tenn. 1997).

tutes deficient performance prejudicial to the defendant, even though the defendant has been convicted of a greater offense. However, we conclude that no reasonable juror could have believed that Defendant did not intend to sell illegal drugs under the facts and circumstances of this case. Accordingly, Defendant has failed to prove by clear and convincing evidence that trial counsel's performance was both deficient and prejudicial to Defendant.

## Conclusion

We hold that trial counsel's failure to request a jury instruction on the lesser-included offense of facilitation was not deficient performance. Defendant is not entitled to post-conviction relief. We affirm the decision of the Court of Criminal Appeals, as modified. It appearing from the record that Defendant is indigent, we assess the costs on appeal to the State of Tennessee.

Cornelia A. Clark, J., filed a separate opinion, concurring as to sections I., II., and III. and dissenting as to section IV.

Gary R. Wade, J., filed a separate opinion, concurring in part and dissenting in part as to sections I., II., and IV. and dissenting as to section III., in which Janice M. Holder, J., joined.

Cornelia A. Clark, J., concurring in part and concurring in result.

I concur with the lead opinion's conclusion that trial counsel's failure to request an instruction on facilitation did not amount to deficient performance. Because the petitioner has failed to establish deficient performance, I also agree with the lead opinion's conclusion that the petitioner is not entitled to relief on his claim of ineffective assistance of counsel. Having so concluded, I decline to join Section B of the lead opinion, which addresses the prejudice prong of the petitioner's ineffective assistance of counsel claim. I reserve decision on the issue of the proper prejudice analysis for an appeal in which it is squarely presented. *Goad v. State*, 938 S.W.2d 363, 370 (Tenn.1996) (recognizing that a court need not address both prongs of a petitioner's ineffective assistance of counsel claim when the court concludes that the petitioner has failed to establish either deficient performance or prejudice).

Gary R. Wade, J., concurring in part and dissenting in part.

I concur with the majority that a conviction on a greater offense does not preclude a claim of ineffective assistance of counsel for the failure to request jury instructions on lesser included offenses. Although a small number of recent opinions by the Court of Criminal Appeals have held otherwise, most panels have endorsed the traditional view that the trial court has the obligation to provide instructions on the charged offense and all lesser included offenses warranted by the proof at trial, and that defense counsel, absent a reasonably based strategy, has the duty to seek instructions on all lesser included offenses. In contrast to the majority, I believe that trial counsel in this instance provided constitutionally inadequate representation by failing to request an instruction on facilitation as a lesser included offense of the sale of ecstasy within a school zone. I must, therefore, respectfully dissent to the extent that I would grant a new trial.

## I. Facts and Procedural History

Calvin Eugene Bryant (the "Petitioner") was indicted for three counts of the sale of ecstasy, a Schedule I controlled substance, within 1000 feet of a school based upon

three separate transactions.[1] The proof at trial as to each transaction was as follows:

(1) In February of 2008, a confidential informant named Terrance Knowles repeatedly telephoned the Petitioner at the behest of the police, asking to purchase a small quantity of ecstasy pills. The Petitioner testified that he initially refused to help, but eventually agreed to obtain the pills when Knowles, a long-time acquaintance, said that he needed to sell drugs to make money to feed his family. On March 4, 2008, Knowles drove to the home of the Petitioner and purchased twenty pills for $140.

(2) On March 21, 2008, Knowles telephoned the Petitioner asking to purchase 100 ecstasy pills. The two men then met outside of the Petitioner's residence. An unidentified driver of a Ford Explorer stopped near where the two men stood. Knowles handed the Petitioner $660, and the Petitioner took the money to a person in the passenger seat of the Explorer in exchange for the pills. The Petitioner then transferred the pills to Knowles and handed back $10 in change—the difference between $660 and the actual price of $650 as charged by the supplier of the pills.

(3) On April 23, 2008, Knowles contacted the Petitioner asking for 200 ecstasy pills. They met at a basketball court near the residence of the Petitioner. When an unidentified driver arrived in a Jeep Cherokee, Knowles handed $1200 to the Petitioner, who transferred the money to the driver in exchange for pills. The Petitioner then turned the pills over to Knowles.

The Petitioner, who chose to testify at trial, admitted that he had participated in each of the three transactions but asserted the defense of entrapment, claiming that he was not a drug dealer and had been induced to participate by Knowles, whom he had known since childhood. As to each transaction, the trial court instructed the jury on the following offenses: (1) the sale of a controlled substance within 1000 feet of a school, a Class A felony; (2) the lesser included offense of the sale of a controlled substance outside of a school zone, a Class B felony; and (3) the lesser included offense of simple possession or casual exchange within 1000 feet of a school, a Class A misdemeanor. See Tenn.Code Ann. §§ 39–17–417(a)(3), (b); –418(a), (c)(1); –432(b)(1) (2014). Because the Petitioner qualified as a Range I offender, the sentencing ranges for the offenses charged were as follows: (1) sale of a controlled substance within 1000 feet of a school— fifteen to twenty years; (2) sale of a controlled substance outside of a school zone—eight to twelve years; and (3) simple possession or casual exchange within 1000 feet of a school—up to eleven months and twenty-nine days. See Tenn.Code Ann. CC 40–35–111(e)(1), –112(a)(1)–(2) (2014). Trial counsel did not request a jury instruction on facilitation as a lesser included offense of the sale of a controlled substance within 1000 feet of a school, which would have resulted in a sentencing range of eight to twelve years. Further, the trial court did not provide facilitation instructions as to any of the three transactions.

The jury acquitted the Petitioner on the first transaction. As to the second and

---

1. As to the second and third transactions, the Petitioner was also indicted for the delivery of ecstasy as an alternative theory of liability.

third transactions, the jury returned guilty verdicts for the sale of a controlled substance within 1000 feet of a school.[2] The trial court imposed two seventeen-year sentences to be served concurrently. The convictions and sentences were upheld on the direct appeal. *State v. Bryant*, No. M2009–01718–CCA–R3–CD, 2010 WL 4324287, at *22 (Tenn.Crim.App. Nov. 1, 2010), *perm. app. denied* (Tenn. Apr. 13, 2011).

The Petitioner presented a single claim in his petition for post-conviction relief: that he had been deprived of the effective assistance of counsel when his trial counsel failed to request a lesser included offense instruction on facilitation. Because the Petitioner was charged with the sale of a controlled substance within 1000 feet of a school, a Class A felony carrying a potential sentence of fifteen to twenty years, a conviction for the facilitation of this offense, a Class B felony, could have resulted in a sentence of as little as eight years. *See* Tenn.Code Ann. § 39–11–403(b) (2014) ("The facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person so charged."). The Petitioner maintained that if his counsel had sought an instruction on facilitation as a lesser included offense, there was a reasonable likelihood under these particular circumstances that he would have been convicted of the lesser crime. The only witness at the post-conviction hearing was the Petitioner's trial counsel, Joy Kimbrough, who admitted that she had simply failed to request a jury instruction for the lesser included offense of facilitation.

The post-conviction court denied relief, and the Court of Criminal Appeals affirmed, holding that the Petitioner had

failed to demonstrate deficient performance of counsel for three reasons: (1) trial counsel made a strategic decision not to request a facilitation instruction; (2) a theory of facilitation would have undermined the Petitioner's entrapment defense; and (3) the evidence did not support a facilitation instruction. *Bryant v. State*, No. M2012–01560–CCA–R3–PC, 2013 WL 4401166, at *20–21 (Tenn.Crim.App. Aug. 16, 2013). In addition, the Court of Criminal Appeals held that the failure to request an instruction on a lesser included offense could never result in prejudice so long as the jury returned a guilty verdict on the greater offense. *Id.* at *22. This Court granted the Petitioner's application for permission to appeal.

## II. Analysis

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." Likewise, article I, section 9 of the Tennessee Constitution provides "[t]hat in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel." These constitutional provisions guarantee every person charged with a felony the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975). To prevail on a claim of ineffective assistance of counsel, however, a petitioner must prove not only a deficiency in the performance of counsel but also that the deficient performance had a prejudicial effect upon the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *Felts v. State*, 354 S.W.3d

---

**2.** The jury also returned guilty verdicts on the alternative theory of liability for delivery of the drugs. The trial court properly merged

each delivery conviction into the corresponding sale conviction.

266, 276 (Tenn.2011). In my view, the Petitioner has met this burden.

## A. Deficient Performance

The first prong of an ineffective assistance of counsel claim requires a showing "that counsel's representation fell below an objective standard of reasonableness," a level of performance measured by "professional norms", existing at the time of the trial or the appeal. *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. Although a petitioner cannot establish deficient performance based upon a failed strategy or an unsuccessful trial tactic, strategic choices are given deference only when counsel has conducted a reasonably adequate level of preparation prior to making such a decision. *Goad v. State,* 938 S.W.2d 363, 369 (Tenn.1996) (citing *Hellard v. State,* 629 S.W.2d 4, 9 (Tenn.1982)); *see also Cooper v. State,* 847 S.W.2d 521, 528 (Tenn.Crim. App.1992) ("[D]eference to tactical choices only applies if the choices are informed ones based upon adequate preparation.").

The majority provides two reasons for concluding that trial counsel's failure to request a jury instruction on facilitation did not amount to deficient performance: (1) the evidence did not warrant a facilitation instruction; and (2) trial counsel acted strategically because if the Petitioner had taken the position that he had facilitated the transactions, that argument would have undermined the defense theory of entrapment. I do not concur with this assessment.

### 1. Sufficiency of the Evidence

As the majority notes, it is undisputed that facilitation is a lesser included offense of the sale of a controlled substance within 1000 feet of a school. *See Bryant,* 2013 WL 4401166, at *17 ("The law is well-settled that facilitation is a lesser included offense to the charged offenses."); *State v.*

*Burns,* 6 S.W.3d 453, 466–67 (Tenn.1999) ("An offense is a lesser-included offense if ... it consists of ... facilitation of the offense charged.…"). The failure to request a lesser included offense may constitute deficient performance by trial counsel if "the record contains *any evidence* which reasonable minds could accept as to the lesser included offense," and such evidence, viewed "liberally in the light most favorable to the existence of the lesser included offense[,] ... is legally sufficient to support a conviction for the lesser included offense." Tenn.Code Ann. § 40–18–110(a) (2012) (emphasis added); *see also Burns,* 6 S.W.3d at 469. With these standards in mind, I must respectfully disagree with the majority's conclusion that the Petitioner has "presented no evidence of facilitation" that would warrant an instruction on the lesser included offense.

The offense of facilitation is defined as follows: "A person is criminally responsible for the facilitation of a felony, if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under [section] 39–11–402(2), the person knowingly furnishes substantial assistance in the commission of the felony." Tenn.Code Ann. § 39–11–403(a). When parsed, the offense of facilitation is comprised of three elements: (1) that the defendant knew another person intended to commit the charged felony; (2) that the defendant lacked the requisite intent to be found guilty under a theory of criminal responsibility; and (3) that the defendant knowingly furnished substantial assistance in the commission of the felony. In my view, a rational juror could have found each of these three elements from the evidence presented relating to the second and third drug transactions.

As to the first element of facilitation, the post-conviction court denied relief on the mistaken basis that "the proof in this case

fail[ed] to establish the ... existence of 'another person' who participated in the commission of the crime[s]." *Bryant,* 2013 WL 4401166, at *12. The evidence showed that the second and third transactions were initiated by Knowles, who implored the Petitioner to aid him in the acquisition of ecstasy pills. There was no evidence that the Petitioner had possession of the drugs at any time prior to the second or third transactions with Knowles. Instead, on both occasions, the Petitioner acquired the drugs from an unidentified third person contemporaneously to his meetings with Knowles.[3] In my view, this evidence is sufficient to establish the first element of facilitation because the Petitioner knew that another person—the unidentified drug dealer who brought the ecstasy pills to the second and third transactions with Knowles—intended to sell or deliver a controlled substance.

As to the second and third elements of facilitation, there was sufficient evidence for a reasonable jury, properly instructed, to have found that the Petitioner substantially assisted the dealer in selling or delivering a controlled substance but lacked the requisite intent to be found guilty under a theory of criminal responsibility. Although the intent of the Petitioner was a key factor in the post-conviction court's denial of relief, *see Bryant,* 2013 WL 4401166, at *12, *21, the majority opinion does not address the criminal responsibility statute that is referenced within the definition of facilitation, *see* Tenn.Code Ann. § 39–11–403(a) (stating that to be

convicted of facilitation a person must act "without the intent required for criminal responsibility under [section] 39–11–402(2)"). Tennessee Code Annotated section 39–11–402(2) (2014) states that a person is criminally responsible for an offense committed by another if, "[a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense." In consequence, the second and third elements of facilitation would be met in this instance if there was any evidence that the Petitioner provided substantial assistance to the unidentified drug dealer but lacked the intent to promote or benefit from the sale of ecstasy pills to Knowles.

There was proof at trial that the Petitioner had repeatedly declined to acquire ecstasy pills for Knowles until Knowles explained that he needed the Petitioner's help in obtaining drugs that he could sell in order to make money to feed his family. That each transaction was initiated at the behest of Knowles is not in dispute. On the second and third occasions, the Petitioner made contact with an unidentified dealer, took the money provided by Knowles to the dealer, and transferred the pills supplied by the dealer to Knowles. There was no proof that the Petitioner possessed the pills prior to the transactions, that he solicited Knowles or any other potential buyers on behalf of the dealer, or that he kept any of the money exchanged between the dealer and

---

**3.** Although the Petitioner was acquitted of the charges related to the first transaction, the evidence of this transaction also shows that the direct participation of "another person" was necessary for Knowles to acquire the ecstasy pills. As in the second and third transactions, there was no evidence that the Petitioner possessed any drugs prior to Knowles' first request for ecstasy pills in February of 2008. The Petitioner testified at trial that he was in possession of the drugs at the time he met with Knowles for the first transaction only because Knowles had failed to meet the Petitioner as scheduled but "the guy had already brought [the drugs] to [the Petitioner]." But for Knowles' failure to arrive as scheduled to purchase the drugs, the first transaction could have taken place in the same manner as the second and third transactions.

Knowles. In fact, during the transaction on March 21, 2008, the Petitioner returned ten dollars in change to Knowles after retrieving 100 ecstasy pills from the dealer at the scene. Viewing this proof in the light most favorable to the existence of the lesser included offense, a rational juror could have concluded that the Petitioner merely acted as a "go-between" in these transactions, thereby providing substantial assistance to the unidentified dealer in the sale of a controlled substance without intending to promote or benefit from the offenses.[4] *See State v. Allen,* 69 S.W.3d 181, 188 (Tenn.2002) (finding the evidence warranted a facilitation instruction where "[t]here was no evidence that [the defendant] received any proceeds of the robbery"); *State v. Flemming,* 19 S.W.3d 195, 200 (Tenn.2000) (finding the evidence warranted a facilitation instruction where the defendant "participated substantially [in the aggravated robbery] by kicking and beating the victim" but lacked the intent to promote or benefit from the crime "because he took no property from the victim").

## 2. Strategy

At the post-conviction hearing, trial counsel acknowledged that she had failed to request a facilitation instruction, not for strategic purposes, but because of her inexperience in the practice of criminal defense. On direct examination, trial counsel explained her failure to request a facilitation instruction as follows: "I don't know why I didn't ask for facilitation.... Thinking back, I'm sure I should have. I don't know if I was real familiar with facilitation at that time.... I was sort of ... new in the law." She further testified that lesser included offenses were "unfamiliar to [her], ... back at that time." On cross-examination by the State, counsel testified that she did not remember any conversation between the trial court and the prosecution about the inclusion of a facilitation instruction. Finally, on re-direct examination, counsel was specifically asked whether it was "strategy on [her] part to fail to request a facilitation instruction," to which she replied, "No, it was no strategy." She also admitted that prior to trial neither she nor any of the other attorneys involved in the case had researched or discussed the possible lesser included offenses.

The post-conviction court did not discredit any portion of trial counsel's testi-

---

**4.** In my view, there is no evidence supporting the conclusion by the majority that the Petitioner "did not merely furnish substantial assistance in the drug sale[s], but instead[ ] was the seller of the drugs." First, the majority states that "[t]he uncontroverted evidence shows that [the Petitioner] set the price for the drugs," when in fact the Petitioner testified repeatedly that the price for ecstasy pills in various quantities was "common knowledge" in his neighborhood. Second, the majority states that the Petitioner never argued that he was "merely assisting the drug supplier," even though the Petitioner testified several times about the direct involvement of the drug dealer who, at the time of the transactions, supplied the pills to the Petitioner who then turned them over to Knowles. Likewise, the majority states that the Petitioner "never testified he was a middle-man for the sale[s]," despite the testimony of the Petitioner that he arranged the second and third transactions by calling the supplier of the pills, meeting with Knowles to await the arrival of the drug dealer, approaching the drug dealer's vehicle to obtain the pills, transferring the pills to Knowles in exchange for money, and then handing the money to the drug dealer in the vehicle. Moreover, there was a complete lack of evidence that the Petitioner somehow benefitted from the transactions; he even gave Knowles change during the second transaction. In summary, while the Petitioner may not have testified using the exact words of the facilitation statute—which is understandable considering his counsel's lack of knowledge on this issue—the evidence nonetheless supported a facilitation instruction.

mony. For this reason alone I would find that counsel's failure to request a jury instruction on facilitation was not a strategic decision and amounted to deficient performance.[5] *See Hinton v. Alabama,* ——— U.S. ———, 134 S.Ct. 1081, 1089, 188 L.Ed.2d 1 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland.*"). The majority, however, implies that counsel must have been untruthful at the post-conviction hearing because her "actions at trial contradict her statements." According to the majority, counsel's "failure to request [a facilitation] instruction was not an oversight" because to request such an instruction would have undermined the defense theory of entrapment. Respectfully, I cannot agree. Aside from the uncontroverted testimony of trial counsel that she did not make a strategic decision to forgo a facilitation instruction, there is no reason why counsel could not have argued both entrapment and facilitation, just as she had argued both entrapment and simple possession or casual exchange.

In fact, the transcript reflects that trial counsel did make an argument that would have supported a finding of facilitation when she told the jury, "[The Petitioner] profits nothing.... He's the middleman. He's the middleman. When that UPS truck pulls up and rings the doorbell and gets a package and gives it to someone else it belongs to in the house, that person's the middle person. They didn't ... sell." While these facts are irrelevant to an argument based on simple possession or casual exchange, they fit closely with the definition of facilitation. *Compare* Tenn.Code Ann. § 39–17–418(a) (defining simple possession and casual exchange without reference to any person other than the person charged with the offense), *with* Tenn.Code Ann. § 39–11–403(a) (defining facilitation to include one person's knowledge that another person intends to commit the charged offense). The theory of an entrapment defense is that a person would not have committed a crime but for inducement by the police. Here, trial counsel had an evidentiary basis to argue that the Petitioner would not have facilitated the drug transactions but for inducement by Knowles, a confidential informant. Because these theories are not inconsistent, the fact that counsel argued the defense of entrapment at trial does not establish that she was untruthful about her strategy, or lack thereof, at the post-conviction hearing.

Of greater importance, the presentation of various defense theories is not a bar to an instruction on a lesser included offense so long as "the record contains *any evidence* which reasonable minds could accept as to the lesser included offense," Tenn. Code Ann. § 40–18–110(a) (emphasis added). *See, e.g., State v. Brown,* 311 S.W.3d 422, 431 (Tenn.2010) ("[T]he trial court's duty to instruct on a lesser-included offense is not contingent upon the lesser-

---

5. The majority correctly states that "the post-conviction court neither accredited nor discredited trial counsel's testimony," implying that the court was silent on this point, because "the [post-conviction] court had an independent basis for finding no deficient performance." In other words, the majority acknowledges that the post-conviction court did not deny relief based on a finding that counsel for the Petitioner was not credible. Instead, as discussed above, the court denied relief on the *mistaken* basis that "the proof in this case fail[ed] to establish the ... existence of 'another person' who participated in the commission of the crime[s]." *Bryant,* 2013 WL 4401166, at *12. Because counsel was not discredited, and the post-conviction court's denial of relief was based upon an inaccurate statement of the evidence, I can only conclude that counsel was deficient.

included offense being consistent with the theory of the State or the defendant....”). The evidence is what drives the consideration of lesser included offenses. The majority implies that the theories of the State and defense counsel dictate how the evidence is to be construed by the jury. In my view, however, trial theories and arguments by counsel are not relevant to whether “the record contains any evidence which reasonable minds could accept as to the lesser included offense.” In this instance, because the proof at trial was sufficient to support an instruction on facilitation as a lesser included offense,[6] and counsel candidly admitted that her failure to request such an instruction was not a strategic decision, the Petitioner was denied his constitutional right to the effective assistance of counsel.

### B. Prejudice

The second prong of an ineffective assistance of counsel claim requires a showing of “a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. Initially, I fully concur with the majority that a conviction on a greater offense does not preclude a claim of ineffective assistance of counsel based upon the failure to request jury instructions on lesser included offenses. I also agree with the majority that the proper

inquiry in this context is whether there is a reasonable probability that a properly instructed jury would have convicted on the lesser included offense instead of the charged offense. I depart from my colleagues, however, as to their conclusion that the Petitioner has failed to prove prejudice in consequence of the deficient performance by his trial counsel.

As indicated, the State's proof established that the Petitioner arranged three separate drug transactions at the request of Knowles, with whom he had a long-standing relationship. It is undisputed that an unidentified drug dealer was involved at the scene of the second and third transactions, for which the Petitioner was convicted. The evidence supported a finding that the Petitioner, who had several character witnesses attesting to his good reputation in the community, merely acted as a go-between as a favor to a friend. There was no proof that the Petitioner had possession of the pills prior to either of the last two transactions or that he profited from the exchanges. As stated, trial counsel acknowledged at the post-conviction hearing that she should have requested a jury instruction on facilitation but failed to do so, and she further testified that her failure in this regard was not the result of any strategy. During closing argument, trial counsel pointed out several key facts that would have supported convictions for facilitation rather than the charged offenses.[7] Her lack of knowledge deprived

6. Likewise, if the instruction had been given and the Petitioner had been convicted only of facilitation, the conviction would have withstood a challenge to the sufficiency of the evidence.

7. The majority dismisses trial counsel's UPS analogy and middle-man characterization as a “last-minute argument” that should not have been considered by the jury. In my view, this argument had a sound evidentiary

basis but was unavailing because of counsel's failure to request a facilitation instruction. If the jury had been properly instructed as to facilitation, it would have understood why trial counsel was using the term “middle man” to describe the Petitioner's role in the drug transactions. Thus, the failure by trial counsel to request an instruction as to facilitation deprived the jury of the option to find the Petitioner guilty of the lesser included offense. In addition, the closing argument

the jury of any consideration of facilitation as an alternative to its verdicts. In this instance, a reasonable probability exists that a properly instructed jury may have convicted the Petitioner of facilitating the drug transactions rather than selling or delivering the drugs.

### III. Conclusion

I concur in the majority's determination that a conviction on a greater offense does not preclude a claim of ineffective assistance of counsel for the failure to request jury instructions on lesser included offenses. Trial courts have the obligation to provide instructions on the charged offense and all lesser included offenses warranted by the proof at trial, and defense attorneys, absent a reasonable strategic decision, have the duty to seek instructions on all lesser included offenses. Because the evidence in this trial supported a facilitation instruction, and trial counsel did not have a strategic basis for waiving this instruction, the performance was deficient. But for this error, there is a reasonable probability that a properly instructed jury would have convicted the Petitioner of facilitation as a lesser included offense. I would, therefore, vacate the convictions and remand for a new trial.

I am authorized to state that Justice Janice M. Holder joins in this opinion.

made by trial counsel further supports the conclusion that her failure to request a facili-

tation instruction was not a strategic decision.